# New York Supplement

## VOLUME 80.

### AND

## New York State Reporter,

## VOLUME 114.

---

### BUTCHER v. HARVIE DRUG CO.

(Supreme Court, Appellate Division, Second Department. January 30, 1903.)

1. ATTORNEY—EMPLOYMENT BY CORPORATION PRESIDENT—LIABILITY FOR COMPENSATION.

In an action against a corporation for compensation, an attorney testified that the company's then president asked him to see a certain stockholder, as the company was then negotiating a sale of its entire stock, and it was necessary for him (the president) to have that stock, and that his (the attorney's) object was to purchase the stock for the company. No corporate action was taken looking towards the acquisition of the stock. *Held*, that the attorney was employed by the president in his individual capacity, to whom he must look for compensation.

Hirschberg, J., dissenting.

Appeal from municipal court, borough of Brooklyn.

Action by William W. Butcher against the Harvie Drug Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Avery F. Cushman, for appellant.

William W. Butcher, pro se.

PER CURIAM. A careful reading of the stenographer's minutes forces us to the conclusion that this is one of that class of cases in which the proof so clearly preponderates in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court has erred in its conclusions. Foster v. Bookwalter, 152 N. Y. 166, 46 N. E. 299. The plaintiff sued to recover $50, as

the value of professional ,services rendered by him, as an attorney and counselor at law, in endeavoring to purchase certain stock in the Harvie Drug Company, held by a Mrs. Koch. There was no dispute as to the value of such services or their rendition, but the defense was that they were performed, not for the defendant corporation, but for Mr. William Harvie, the president of the Harvie Drug Company, as an individual. It seems to us that the evidence fully sustains this defense, and, indeed, that the testimony of Mr. Butcher himself is insufficient to make out employment on behalf of the corporation. There is no proof or suggestion that any corporate action was ever taken looking toward the acquisition of Mrs. Koch's stock. Mr. Butcher testifies:

"Its then president, William Harvie, saw me, and asked me to see a Mrs. Koch, who was then the holder of fifty per cent. of the stock of the company, as the company was then negotiating a sale of its entire stock, and it was necessary for him to have that stock."

It is true, he says further on in his testimony that his object was to purchase half the stock for the company; but that is a mere conclusion of the purpose which he had in mind, and not a statement of fact relative to the issue. On the whole case, we think that Mr. Butcher's claim is against Mr. Harvie individually, and not against the company of which he was the president.

It follows that the judgment must be reversed, and a new trial ordered; costs to abide the event.

HIRSCHBERG, J., dissents.